**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILFORD RANEY, on behalf of himself and all others similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **JSC FEDERAL CREDIT UNION,** | § § | |
| **Defendant** | § § | |

**<u>APPENDIX TO NOTICE OF REMOVAL</u>**

| EXHIBIT NO. | DATE FILED | DESCRIPTION |
|---|---|---|
| A-1 | 8/2/2021 | Docket Sheet |
| A-2 | 6/17/2021 | Request for Issuance of Citation |
| A-3 | 7/6/2021 | Affidavit of Service |
| A-4 | 6/17/2021 | Class Action Complaint (with attached JSC Federal Credit Union Fee Schedule) |
| A-5 | 8/2/2021 | Defendant's Original Answer |
| A-6 | N/A | List of Counsel of Record |

Respectfully submitted,


By: /s/ Jonathan D. Neerman
    Jonathan D. Neerman
    State Bar No. 24037165
    jneerman@jw.com

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone:  214.953.5664 (Direct Dial)
Facsimile:  214.661.6899 (Direct Fax)

**ATTORNEYS FOR DEFENDANT JSC
FEDERAL CREDIT UNION**


## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that on this 2nd day of August, 2021, a true and correct copy of the foregoing document was served upon the following counsel of record via the Courts electronic filing service:


Angelica Gentile
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
(305) 479-2299 – Telephone
agentile@shamisgentile.com


                                          /s/ Jonathan D. Neerman
                                          Jonathan D. Neerman

# Exhibit A-1

**HCDistrictclerk.com**  RANEY, WILFORD (OBO HIMSELF AND ALL PERSONS          8/2/2021
                        SIMILARLY SITUATED) vs. JSC FEDERAL CREDIT
                        UNION
                        Cause: 202136515          CDI: 7       Court: 281

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 96690150 | Affidavit of Service-JSC FEDERAL CREDIT UNION | | 07/06/2021 | 3 |
| 96401289 | CLASS ACTION COMPLAINT | | 06/17/2021 | 13 |
| ·> 96401290 | JSC FEDERAL CREDIT UNION FEE SCHEDULE | | 06/17/2021 | 4 |
| ·> 96401291 | REQUEST FOR ISSUANCE OF SERVICE | | 06/17/2021 | 1 |

Exhibit A-2

6/17/2021 1:44:40 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 54523265
By: JACKSON, MONICA J
Filed: 6/17/2021 1:44:40 PM

## Marilyn Burgess

2021-36515 / Court: 281

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Complaint and Exhibit A _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** JSC Federal Credit Union _____

Address of Service: 1330 Gemini _____

City, State & Zip: Houston, Texas 77058 _____

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | |
|---|---|
| ☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias**   Newspaper_____ | |
| ☐ **Temporary Restraining Order** ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | |
| ☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | |
| ☐ **Other (Please Describe)** _____ | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Angelica Gentile  Bar # or ID  24112322

Mailing Address: 14 NE 1st Ave, Ste. 705, Miami, FL 33132

Phone Number: 305-479-2299

# Exhibit A-3

7/6/2021 3:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55079094
By: Jennifer Ochoa
Filed: 7/6/2021 3:22 PM

## AFFIDAVIT OF SERVICE

State of Texas                          County of Harris                          281st Judicial District Court

Case Number: 2021-36515

Plaintiff:
**Wilford Raney, on behalf of himself and all others similarlysituated,**

vs.

Defendant:
**Jsc Federal Credit Union,**

For:
Global Process Services

Received by Bay Oaks Process, LLP on the 30th day of June, 2021 at 1:03 pm to be served on **Jsc Federal Credit Union, 1330 Gemini Street, Houston, Harris County, TX 77058**.

I, Collin Wellman Psc 16156  Exp: 3/31/2023, being duly sworn, depose and say that on the **1st day of July, 2021** at **9:53 am, I**:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Citation, Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **Manager April Ferguson** at the address of: **1330 Gemini Street, Houston, Harris County, TX 77058**, and informed said person of the contents therein, in compliance with state statutes.

I am not a party to this case nor am I related to, employed by, or otherwise connected to **other than having been retained to serve process in this case** any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit.
        I am over the age of eighteen (18) years of age.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

DEVIN REID BURDG
Notary Public, State of Texas
Comm. Expires 02-24-2024
Notary ID 132372305

Subscribed and Sworn to before me on the 1st day of July, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

**Collin Wellman Psc 16156  Exp: 3/31/2023**
Process Server

**Bay Oaks Process, LLP**
PO Box 5703
Pasadena, TX 77508
(281) 815-0191

Our Job Serial Number: BYO-2021001206

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

Receipt Number: 899480
Tracking Number: 73881577   EML

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202136515

| | |
|---|---|
| PLAINTIFF: RANEY, WILFORD (OBO HIMSELF AND ALL PERSONS SIMILARLY SITUATED) | In the 281st Judicial |
| vs. | District Court of |
| DEFENDANT: JSC FEDERAL CREDIT UNION | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: JSC FEDERAL CREDIT UNION

1330 GEMINI

HOUSTON TX 77058

    Attached is a copy of CLASS ACTION COMPLAINT.

This instrument was filed on June 17, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 17, 2021.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MONICA JACKSON

Issued at request of:
GENTILE, ANGELICA
14 NE 1ST AVENUE SUITE 705
MIAMI, FL  33132
305-479-2299

Bar Number: 24112322

Tracking Number: 73881577    EML

CAUSE NUMBER: 202136515

PLAINTIFF: RANEY, WILFORD (OBO HIMSELF AND            In the 281st
ALL PERSONS SIMILARLY SITUATED)

    vs.                                                  Judicial District Court

DEFENDANT: JSC FEDERAL CREDIT UNION                   of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____              _____

                                 _____ of _____
County, Texas
_____   By: _____
        Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                                 _____
                                            Notary Public

# Exhibit A-4

6/17/2021 1:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54523265
By: Monica Jackson
Filed: 6/17/2021 1:44 PM

# 2021-36515 / Court: 281

## Cause No.

| | |
|---|---|
| WILFORD RANEY, on behalf of himself and all others similarlysituated, | IN THE DISTRICT COURT OF |
| Plaintiff, | HARRIS COUNTY, TEXAS |
| vs. | |
| JSC FEDERAL CREDIT UNION, | JUDICIAL DISTRICT |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Wilford Raney ("Plaintiff"), on behalf of himself and all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

## INTRODUCTION

1.  Plaintiff brings this action on behalf of himself and classes of all similarly situated consumers against Defendant JSC Federal Credit Union, ("Defendant" or "JSC FCU"),arising from its deceptive practice of misleading accountholders into paying ACH Transfer Fees.

2.  For those looking to make a dishonest dollar, the question is a perennial one: how to convince unsophisticated consumers to spend money on an otherwise free or valueless service?The answer is also perennial: use superior information to trick consumers who do not understand a complicated system or novel product.

3.  This action concerns the National Automated Clearinghouse ("NACHA") system, a complex electronic payments system operating invisibly in the background of much of the nation's

economic activity. With many actors playing specialized roles, all tying thousands of banking institutions, merchants, and payment processors together, the system is well beyond the comprehension of individual consumers like Plaintiff Raney.

4.      As described further herein, JSC Federal Credit Union exploits its informational advantage to deceive its accountholders into paying $2 ACH Transfer Fees. It does so with a multi-prong effort to misrepresent and obscure the truth about the NACHA payment processing system. That truth is as follows: *any* transfer over the NACHA system can *always* be made for free.

5.      Plaintiff, on behalf of themselves and Classes of similarly situated consumers (defined below), seek to end JSC Federal Credit Union's deceptive practices and force it to refund improper ACH Transfer Fees. Plaintiff seeks damages, restitution, and injunctive relief, as set forth more fully below.

<u>JURISDICTION AND VENUE</u>

6.      Defendant, JSC Federal Credit Union, regularly and systematically transacts business and provides retail banking services to its customers throughout the State of Texas, including in this county. As such, it is subject to the personal jurisdiction of this Court.

7.      This Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

8.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(3) because Defendant has its principal place of business in Texas in Harris County.

<u>PARTIES</u>

9.      Plaintiff Raney is a citizen and resident of Texas. Plaintiff Raney maintains a checking account at JSC Federal Credit Union. At all times relevant, Plaintiff patronized a JSC Federal Credit Union banking located in Texas.

10.     Defendant JSC Federal Credit Union is a national bank with its headquarters and principal place of business located in Harris County, Texas. Among other things, JSC Federal Credit Union is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative classes.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### I.     THE NACHA SYSTEM

11.     The NACHA system is a complex electronic payments system operating invisibly in the background of much of the nation's economic activity. Without being aware of it, millions of consumer payments take place on the system daily, including for utility bills, insurance payments, deposits into investment accounts, gym and other monthly memberships, and even small-dollar PayPal and Venmo transfers.

12.     In every ACH transaction, there is an Originator and a Receiver, and an Originating Depository Financial Institution ("ODFI") and a Receiving Depository Financial Institution ("RDFI").

13.     The Originator of the ACH transaction is the individual or merchant requesting that an ACH debit or credit take place.

14.     The Receiver of the ACH transaction is the individual or merchant that authorized the Originator to initiate the ACH transaction.

15.     The ODFI is the financial institution that receives the request from the Originator and submits the request to the ACH network.

16.     The RDFI is the financial institution that receives the ACH transaction from the ODFI and posts the transaction to the account of the Receiver.

17.     This complicated, multi-actor system has a defining design feature: payees and payors are on equal footing. Any given transfer of money can be *affirmatively sent* to a payee or—

with the proper authorization—that same payee can take the money directly from a payor's account.

18.     In other words, unlike with most all other consumer economic activity, which requires the payor to send or provide funds to a payee (as with writing a check or handing over cash), the NACHA system allows payees with proper authorization to "pull" money directly from accounts.

## II.     JSC FEDERAL CREDIT UNION DECEIVES ACCOUNTHOLDERS INTO PAYING ACH TRANSFERFEES

19.     That means, for any given payment or transfer, the NACHA system allows the payee to affirmatively send it *or* the payor to simply take funds from an account.

20.     An accountholder wishing to make a transfer from their JSC Federal Credit Union account can easily accomplish this by *either* "pushing" the funds from JSC Federal Credit Union via JSC Federal Credit Union's online banking portal or "pulling" the funds from JSC Federal Credit Union via a portal operated by the receiving financial institution.  The endresult is the same: money transferred seamlessly, electronically, and quickly between accounts.

21.     Still, the workings of the NACHA system are a mystery to the millions of American consumers whose payments are sent on the system each day.

22.     JSC Federal Credit Union is engaged in a multi-prong effort to deceive its accountholders about the workings of the NACHA system, so that it may use its superior knowledge about the system to extract fee income from its accountholders.

23.     JSC Federal Credit Union misrepresents the central design feature of the NACHA system—that *any* transfer can be "pushed" from a payor or "pulled" from a payee, and that the latter is *free*— in the following ways.

24.     *First*, on its Online Banking interface and website, JSC Federal Credit Union states that transferring money from a JSC Federal Credit Union account to an account at another

institution is free:



25.     *However*, JSC Federal Credit Union misrepresents the workings of the NACHA system in its Fee Schedule. JSC Federal Credit Union's Fee Schedule, under "Electronic Services," states that "eBanking online banking external transfer (each)" transfers are "$2.00":

| Electronic Services | Personal | Business |
|---|---|---|
| Express check withdrawal through eBanking telephone banking / eBanking online banking | $15.00 | $15.00 |
| Check withdrawal through eBanking *(each, after second in month)* | $1.00 | $1.00 |
| Balance inquiry at non-JSC FCU ATMs | $0.25 | $0.25 |
| ATM cash withdrawal at non-JSC FCU ATMs *(first 4 at no charge)* | $0.50 | $0.50 |
| eBanking online banking external transfer *(each)* | $2.00 | $2.00 |
| Online Payment Center ACH or Credit Card *(one time transaction)* | $3.00 | $3.00 |
| Online Payment Center ACH *(recurring transaction)* | $0.00 | $0.00 |
| Credit Card Payment by Phone *(one time transaction)* | $10.00 | $10.00 |

Ex. A at 3.

26.     But this is false. As above, an accountholder may "send and receive" ACH transfers for free, with no fee whatsoever, by simply instructing the payee to pull funds from his or her account.

27.     By stating that an accountholder may "send and receive" an ACH transfer only for $2, JSC Federal Credit Union deceives accountholders into believing that such fees are a fundamental part of moving money via the ACH system. That is not true, as described above.

28.     Moreover, by stating that the fee is "$0" *only* for "inbound" ACH transfers, JSC Federal Credit Union again deceives accountholders into believing the NACHA system does not allow the transfer of money from an account without a fee.

29.     Accountholders can initiate the same ACH transfer from JSC Federal Credit Union to other financial institutions "without a transfer fee" provided they do so from the receiving financial institution. Thus, JSC FCU's disclosure again provides the misimpression that ACH and wire transfers always require a fee, when in fact, they do not.

30.     In the very design of its Online Banking interface, JSC Federal Credit Union misrepresents the true nature of the NACHA system, misrepresenting that the *only* options for moving funds via ACH require a fee.

31.     JSC Federal Credit Union lists only one option in its fee schedule—which requires a fee. The "eBanking online banking external transfer (each)" for $2 is the cheapest option, and consumers like Plaintiff pay these fees under the mistaken belief that such fees are unavoidable.

32.     JSC Federal Credit Union furthers this misconception by labeling it an "eBanking" "transfer" fee, which leadsreasonable consumers to believe the fee is an unavoidable fee for the "transfer" of funds via the ACH network. That is not true, as described above.

33.     As discussed herein, each of the above representations are false and misleading, as they lead reasonable consumers like Plaintiff Raney to believe that they must pay an ACH Transfer Fee in order to transfer money to a payee, when in fact they do not.

34.     Because—in the absence of misrepresentations regarding the NACHA system—no reasonable consumer would ever pay to make an ACH transfer, none of JSC Federal Credit Union's major competitors charge ACH Transfer Fees like JSC Federal Credit Union does, *viz.,* Chase, Capital One, Citibank, HSBC, PNC, TD Bank, Ally, U.S. Bank, and Wells Fargo.

35.     Through its misrepresentations, JSC Federal Credit Union deceives its

6

accountholders into paying for a transfer that they otherwise could get for free.

### C.    Plaintiff's Experiences

36.    In support of their claims, Plaintiff offers examples of fees that they would not have

paid had they known they did not have to.

37.    At various times while a JSC Federal Credit Union accountholder, Plaintiff Raney

transferred funds from his JSC Federal Credit Union account to his accounts at other financial

institutions. Because of JSC Federal Credit Union's misrepresentations and deceptive design of its

Online Banking Interface, Plaintiff unwittingly incurred fees for making ACH transfers. For

example, on January 19, 2021, April 13, 2021, May 19, 2021, May 20, 2021, and May 28, 2021,

Plaintiff Raney transferred funds from his JSC Federal Credit Union account to his account at

another financial institution.

38.    Believing he was required to pay an ACH Transfer Fee for sending money to a payee

via NACHA, Plaintiff initiated the transfer from his JSC Federal Credit Union account and was

charged and paid a $2 fee.

39.     Plaintiff paid the same fee to JSC Federal Credit Union numerous times while an

accountholder at JSC Federal Credit Union, each time relying upon JSC Federal Credit Union's

misrepresentations regarding the operation of the NACHA system.

40.    Had Plaintiff and others similarly situated had known that they could have made the

exact same transfers for free, had they initiated the transfers from the receiving bank account, they

would not have paid the ACH Transfer Fees.

### CLASS ALLEGATIONS

41.    Plaintiff Raney brings this action on behalf of himself and all others similarly

situated pursuant to Tex. R. Civ. P. 42(a), (b)(2), (b)(3) & (c). This action satisfies the numerosity,

commonality, typicality, adequacy, predominance and superiority requirements of Tex. R. Civ. P.

42.

    42.    The proposed Nationwide Class is defined as:

> All JSC Federal Credit Union account holders who, during the applicable statute of limitations, were charged ACH Transfer Fees on an ACH transfer to a payee.

    43.    The alternative Texas state subclass is defined as:

> All JSC Federal Credit Union account holders in the state of Texas who,during the applicable statute of limitations, were charged ACH Transfer Fees on an ACH transfer to a payee.

    44.    The Class and alternative state subclasses defined above are collectively referred to herein as the "Class." Plaintiff reserves the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

    45.    Excluded from the Class are JSC Federal Credit Union, its parents, subsidiaries, affiliates, officers and directors, any entity in which JSC Federal Credit Union has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

    46.    The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the identity of whom is within the knowledge of, and can be ascertained only by resort to, JSC Federal Credit Union's records.

    47.    The claims of the representative Plaintiff are typical of the claims of the Class they seek to represent in that the representative Plaintiff, like all Class members, were charged improper and deceptive fees as alleged herein. The representative Plaintiff, like all Class members, have been damaged by JSC Federal Credit Union's misconduct in that they have been assessed deceptive ACH Transfer Fees. Furthermore, the factual basis of JSC Federal Credit Union's misconduct is common to all Class members and represents a common thread of unfair and unconscionable conduct resulting in injuryto all members of the Class. And JSC Federal Credit

8

Union has no unique defenses that would apply to Plaintiff and not the Class.

48.     There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

49.     Among the questions of law and fact common to the Class include the following:

a.     Whether JSC Federal Credit Union violated the consumer protection laws of certain states through its fee policies and practices;

b.     The proper method or methods by which to measure damages;

c.     Whether JSC Federal Credit Union was unjustly enriched; and

d.     Whether Plaintiff and the class are entitled to declaratory and injunctive relief and the nature of that relief.

50.     Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same wrongful JSC Federal Credit Union ACH fee policies and practices. Plaintiff has suffered the harm alleged and have no interests antagonistic to the interests of any other Class member.

51.     Plaintiff is committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, consumer class actions against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of JSC Federal Credit Union, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and JSC Federal Credit Union's misconduct will proceed without remedy.

53.     Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

54.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its treatment as a class action.

55.     JSC Federal Credit Union has acted or refused to act on grounds generally applicable to each of the Class,thereby making appropriate final injunctive relief or corresponding declaratory relief with respectto each Class as a whole.

56.     All conditions precedent to bringing this action have been satisfied and/or waived.

57.     Application of Texas law to the Nationwide Class with respect to Plaintiff and Class members' claims is neither arbitrary nor fundamentally unfair because Texas has significant contacts and a significant aggregation of contacts that create a state interestin the claims of the Plaintiff and the Nationwide Class.

58.     The State of Texas has a significant interest in regulating the conduct of businesses operating within its borders. Texas, which seeks to protect the rights and interests of Texas and all residents and citizens of the United States against a company headquartered and doing business in Texas, has an interest in the Plaintiff's claims.

59.     The principal place of business of JSC Federal Credit Union in Houston, Texas, is the "nervecenter" of its business activities—the place where its high-level officers direct, control, and coordinate the corporation's activities, including account and major policy, financial, and legal

decisions related to ACH Fees.

60.     JSC Federal Credit Union's corporate decisions regarding its misrepresentation and/or failure to disclose ACH Fees were made from and in Texas.

61.     JSC Federal Credit Union's tortious conduct emanated from Texas.

### FIRST CLAIM FOR RELIEF
### Texas Consumer Protection Law
**(On Behalf of the Plaintiff and the Nationwide Class and Texas Subclass)**

62.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

63.     As described herein, JSC Federal Credit Union's practice of misleading accountholders into believing they must pay ACH Transfer Fees to transfer via the ACH network constitutes an unfair and deceptive trade practice under Tex. Bus. & Com. § 17.46 *et seq.*

64.     As described herein, JSC Federal Credit Union's description of its ACH Transfer Fees are deceptive, and they mislead customers into paying these fees when they can otherwise avoid them. And JSC Federal Credit Union's description of its ACH Transfer Fees are material.

65.     JSC Federal Credit Union's actions affected commerce in Texas, as many of its Texas customers were charged these unfair and deceptive fees.

66.     Plaintiff reasonably relied upon JSC Federal Credit Union's deceptive misrepresentations regarding its ACH Transfer Fees.  Had Plaintiff known that he could have made the exact same transfers for free, he would not have paid the ACH Transfer Fees.

67.     Plaintiff has been actually damaged as the direct and proximate result of JSC Federal Credit Union's unfair competition and unfair and deceptive trade practices.

68.     Plaintiff and the Class are entitled to recovery of treble damages and, in the discretion of the Court, reasonable attorneys' fees and costs by virtue of JSC Federal Credit Union's unfair and deceptive trade practices.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (On Behalf of the Plaintiff and the Class)

96.　　Plaintiff repeats, realleges, and incorporates paragraphs 1-61 as if fully set forth herein.

97.　　To the detriment of the Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

98.　　Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant ACH Transfer Fees that they were misled into believing they were required to pay in order to complete an outgoing ACH transfer.

99.　　Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

100.　　Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the misconduct alleged herein.

101.　　Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

1.　　Certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

2.　　Declaring JSC FCU's ACH Fee misrepresentations described herein to be wrongful;

3.　　Restitution of all ACH Transfer Fees paid to JSC FCU by Plaintiff and the Class asa result of the wrongs alleged herein, in an amount to be determined at trial;

4.　　Disgorgement of the ill-gotten gains derived by JSC FCU from its misconduct;

5.        Actual damages in an amount according to proof;

6.        Punitive and exemplary damages;

7.        Pre-judgment interest at the maximum rate permitted by applicable law;

8.        Treble damages, statutory damages, punitive damages, and attorneys' fees as provided by law;

9.        Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

10.      Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.


Dated:  June 17, 2021                         Respectfully submitted,

                                          **Shamis & Gentile, P.A.**
*/s/ Angelica M. Gentile*
Angelica Gentile, Esq.
Texas Bar No. 24112322
agentile@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

# 2021-36515 / Court: 281

## JSC Federal Credit Union
## FEE SCHEDULE

EFFECTIVE JANUARY 19, 2021

| Share/Savings Account Services | Personal | Business |
|---|---|---|
| Membership Fee | No charge | N/A |
| Account balance below $5.00 *(monthly)* | No charge | N/A |
| Copy of monthly or quarterly statement | $2.00 | $2.00 |
| Stop payment of JSC FCU check *(per request)* | $25.00 | $25.00 |
| Excessive withdrawal fee *(each, after second in month)* | $1.00 | $1.00 |
| Bad address fee *(monthly)* | $5.00 | $5.00 |
| Early Account Closure *(within 180 days)* | $5.00 | $5.00 |
| Dormant Account *(collected before closing)* | $5.00 | $5.00 |

| Checking Account Services | Personal | Business |
|---|---|---|
| Monthly service charge *(A monthly dividend approved by the Board will be earned on daily account balances.)* | No charge | No charge |
| Copy of cleared check | $3.00 | $3.00 |
| Automatic overdraft transfer *(each item)* | $2.00 | $2.00 |
| Stop payment order *(per request)* | $25.00 | $25.00 |
| Insufficient funds *(each item)* | $26.00 | $26.00 |
| Overdrawn account | $26.00 | $26.00 |
| Privilege Pay | $28.00 | $28.00 |
| Returned item | $26.00 | $26.00 |
| Verification of cleared check by telephone | $ 2.00 | $ 2.00 |
| Research *(hourly)* *No research fee will be charged on an account if the error was caused by the Credit Union | $15.00 | $15.00 |
| Checking account balancing *(hourly)* | $15.00 | $15.00 |
| Balance Inquiry by telephone | $2.00 | $2.00 |
| **Wire Services** | | |
| Outgoing Domestic | $15.00 | $15.00 |
| Outgoing International via Fed | $45.00 | $45.00 |
| Amendment or tracer - International | $20.00 | $20.00 |

| Account Services | Personal | Business |
|---|---|---|
| Copy of cashier's or teller check | $3.00 | $3.00 |
| Insufficient funds Debit Card purchase | $26.00 | $26.00 |
| Foreign currency purchase *(shipping & handling fee only)* | $20.00 | $20.00 |
| Foreign currency sale *(selling back shipping fee)* | $10.00 | $10.00 |
| Change order fee *(per coin roll)* | $0.10 | $0.10 |

| Check Forms | Personal | Business |
|---|---|---|
| Check form charges will vary according to style ordered. *(Postage for undeliverable/ returned ordered check forms will be charged to the member's account, which can be approximately $4.00 - $6.00)* | Varies | Varies |

| Travelers Checks | Personal | Business |
|---|---|---|
| Traveler's checks for two | 1% of total | 1% of total |
| Gift Check | $2.50 | $2.50 |

| Gift Cards | Personal | Business |
|---|---|---|
| Each *(regardless of dollar amount)* | $4.00 | $4.00 |

| Debit / ATM / Credit Cards | Personal | Business |
|---|---|---|
| Card initially provided at no cost | No charge | No charge |
| Replacement *(each card)* | $4.00 | $4.00 |

| Notary Service | Personal | Business |
|---|---|---|
| First 3 documents *(up to 3 per day)* | No charge | No charge |
| Each additional document | $1.00 | $1.00 |
| Non-member notary work *(per item)* | $2.00 | $2.00 |

| Coin Counter | Personal | Business |
|---|---|---|
| Members - first $200 | No charge | No charge |
| Members - over $200 | 5% of total | 5% of total |
| Non-members *(regardless of dollar amount)* | 10% of total | 10% of total |

| Negotiable Instruments | Personal | Business |
|---|---|---|
| Stop payment on cashier or teller check *(restrictions apply)* | $25.00 | $25.00 |
| Withdrawal by check if payable to a third party | $2.00 | $2.00 |
| Money Orders *(each, regardless of dollar amount, maximum amount is $1,000)* | $1.00 | $1.00 |
| Cashier's Check *(each, regardless of dollar amount)* | $2.00 | $2.00 |

| Collection Services | Personal | Business |
|---|---|---|
| Coupons and Bonuses *(per envelope)* | $5.00 | $5.00 |
| International Items | $25.00 | $25.00 |
| Insurance Drafts | $3.00 | $3.00 |
| Items sent for collections - Domestic | $10.00 | $10.00 |

| Safe Deposit Boxes *(Annual Rent)* | Personal | Business |
|---|---|---|
| 3 x 5 | $15.00 | $15.00 |
| 3 x 10 | $30.00 | $30.00 |
| 5 x 10 | $45.00 | $45.00 |
| 10 x 10 | $90.00 | $90.00 |
| Box drilling fee | $175.00 | $175.00 |
| Replace lost key fee | $15.00 | $15.00 |
| Emergency box drilling fee | $210.00 | $210.00 |

| Business Accounts | Personal | Business |
|---|---|---|
| Business Checking early closure *(closed within 180 of account opening)* | N/A | $25.00 |
| Change Orders | | |
| Per Cash Order | N/A | $2.50 |
| Per Cash Strap | N/A | $0.30 |
| Per Coin Roll | N/A | $0.10 |
| Incoming Wire Transfer *(per incoming wire)* | N/A | $5.00 |
| Returned Item Fee *(if not drawn on your own account at another institution)* | N/A | $5.00 |
| **Basic Business Checking** | | |
| Per item fee over 150 items per month | N/A | $0.25 |
| **Business Account Plus Checking** | | |
| Minimum balance fee *(if balance falls below $1,000 during the month)* | N/A | $10.00 |
| Per item fee over 200 items per month | N/A | $0.25 |

| Electronic Services | Personal | Business |
|---|---|---|
| Express check withdrawal through eBanking telephone banking / eBanking online banking | $15.00 | $15.00 |
| Check withdrawal through eBanking *(each, after second in month)* | $1.00 | $1.00 |
| Balance inquiry at non-JSC FCU ATMs | $0.25 | $0.25 |
| ATM cash withdrawal at non-JSC FCU ATMs *(first 4 at no charge)* | $0.50 | $0.50 |
| eBanking online banking external transfer *(each)* | $2.00 | $2.00 |
| *Online Payment Center ACH or Credit Card (one time transaction)* | $3.00 | $3.00 |
| Online Payment Center ACH *(recurring transaction)* | $0.00 | $0.00 |
| Credit Card Payment by Phone *(one time transaction)* | $10.00 | $10.00 |

| Bill Pay Service | Personal | Business |
|---|---|---|
| Monthly fee *(includes twenty bill payments)* | $2.00 | $2.00 |
| Each additional item | $0.30 | $0.30 |
| Research fee | $28.00 | $28.00 |

| Miscellaneous Services | Personal | Business |
|---|---|---|
| Domestic Fax | $1.50 | $1.50 |
| International Fax | $3.00 | $3.00 |
| Mortgage Verification of Deposit | $10.00 | N/A |
| Signature Guarantee | No charge | No charge |
| Garnishment *(additional legal fees may be assessed)* | $25.00 | $25.00 |
| Tax Levies *(additional legal fees may be assessed)* | $25.00 | $25.00 |
| Overnight mail *(FedEx)* | Cost to mail | Cost to mail |
| Temporary Checks *(twelve)* | $5.00 | $5.00 |



www.jscfcu.org
281.488.7070   800.940.0708

EFFECTIVE 01/19/2021

Exhibit A-5

CAUSE NO.  2021-36515

| | |
|---|---|
| **WILFORD RANEY, on behalf of himself and all others similarly situated,** | **IN THE DISTRICT COURT** |
| **Plaintiff,** | |
| **v.** | **HARRIS COUNTY, TEXAS** |
| **JSC FEDERAL CREDIT UNION,** | |
| **Defendant** | **281st JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant JSC Federal Credit Union (hereinafter "Defendant" or "JSC FCU") files this, its Original Answer, in the above-styled cause, and respectfully shows the Court as follows:

### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's live pleading filed herein, and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim for which relief may be granted.

2.      Plaintiff's state law claims, and those of the members of the putative class, are preempted by federal law, including without limitation the Federal Credit Union Act and the Truth in Savings Act.

3.      Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, by the failure of a condition precedent, and JSC FCU did not waive its right to performance of any conditions precedent.  Plaintiff, and those members of the putative class, failed

to give the 60-day notice of his claim, which is required by the Texas Deceptive Trade Practices Act.

4.     Plaintiff's claim, and those of the members of the putative class,  are barred, in whole or in part, by the terms and conditions of the contractual agreement between the parties and/or applicable law.

5.     Plaintiff, and those members of the putative class, are not entitled to additional damages amounting to statutory penalties under the Texas Deceptive Trade Practices Act.

6.     Plaintiff's claims are barred, in whole or in part, as Plaintiff lacks standing to sue under the Texas Deceptive Trade Practices Act as he was not personally aggrieved by the alleged wrong.

7.     Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, by waiver, ratification or estoppel.

8.     Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto.

9.     Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the applicable statute of limitations.

10.     Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, because any loss that Plaintiff alleges was not caused by the fault or wrongdoing of JSC FCU or persons or entities over which JSC FCU had responsibility or control.

11.     Plaintiff's claims to a class action should be denied because any alleged injury cannot be proven on a class wide-basis with common methods of proof.

12.     Plaintiff's claims to a class action should be denied because any alleged injury cannot be proven on a class wide-basis with common methods of proof.

13.     Plaintiff's claims to a class action should be denied because Plaintiff does not adequately represent the interests of the proposed class.

14.     If Plaintiff has sustained damages, which JSC FCU expressly denies, then Plaintiff failed to take reasonable steps and make reasonable efforts to mitigate his damages.

## PRAYER

For these reasons, Defendant JSC Federal Credit Union respectfully prays that Plaintiff take nothing by reason of this suit against it, that Plaintiff's suit against it be dismissed with prejudice, that all costs be assessed against Plaintiff, and that Defendant JSC Federal Credit Union be awarded such further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Jonathan D. Neerman*
    Jonathan D. Neerman
    State Bar No. 24037165
    jneerman@jw.com
    Shelisa E. Brock
    State Bar No. 24097420
    sbrock@jw.com

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone:  214.953.5664 (Direct Dial)
Facsimile:  214.661.6899 (Direct Fax)

**ATTORNEYS FOR
JSC FEDERAL CREDIT UNION**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 2nd day of August, 2021, a true and correct copy of the foregoing document was served upon the following counsel of record via FileTime electronic filing service:

Angelica Gentile
Shamis & Gentile, P.A.
14 NE 1ˢᵗ Avenue, Suite 705
Miami, FL 33132
agentile@shamisgentile.com

*/s/ Jonathan D. Neerman*
Jonathan D. Neerman

# Exhibit A-6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILFORD RANEY, on behalf of himself and all others similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **JSC FEDERAL CREDIT UNION,** | § § § | |
| **Defendant** | § | |

**<u>LIST OF COUNSEL OF RECORD</u>**

Pursuant to LR81, Defendant JSC Federal Credit Union provides a list of all counsel of records as follows:

1. Counsel for Wilford Raney, on behalf of himself and all others similarly situated

   Angelica M. Gentile
   Shamis & Gentile, P.A.
   14 NE 1st Avenue, Suite 705
   Miami, FL 33132
   (305) 479-2299 – Telephone
   agentile@shamisgentile.com


2. Counsel for Defendant JSC Federal Credit Union

   Jonathan D. Neerman
   Jackson Walker LLP
   2323 Ross Avenue, Suite 600
   Dallas, Texas  75201
   (214) 953-5664 – Telephone
   jneerman@jw.com

**LIST OF COUNSEL OF RECORD** 1

29724463